**Homayra MEDERO DIAZ,
et al., Plaintiffs,**

v.

**GRUPO DE EMPRESAS DE SALUD,
et al., Defendants.**

**No. CIV. 99–1516(HL).**

United States District Court,
D. Puerto Rico.

Aug. 28, 2000.

Juan M. Masini–Soler, San Juan, PR, for Homayra Medero–Diaz, Freddy Jose Zayas, Conjugal Partnership Zayas–Medero, plaintiffs.

Nereida M. Salva–Sandoval, Irizarry, Otero & Lopez, San Juan, PR, Ramonita Dieppa–Gonzalez, Otero & Lopez, San Juan, PR, Jose A. Nazario–Alvarez, Hato Rey, PR, for Grupo De Empresas De Salud, John Doe 99CV1516, Dr., Richard Roe 99CV1516 Cigna Ins. Co., defendants.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a motion for summary judgment filed by Defendant Grupo de Empresas de Salud ("Grupo"). Grupo is a private corporation that provides medical professional services.[1] Plaintiffs are Homayra Medero Diaz ("Medero"), her husband Freddy José Zayas, and their conjugal partnership. They bring their claim pursuant to the Emergency Medical Treatment and Active Labor Act ("EMTALA")[2] for an incident which occurred when Medero visited the municipal medical treatment center ("CDT," as it is known by its Spanish initials) in the Puerto Nuevo area of San Juan on August 3, 1998. Plaintiffs claim that Medero was denied the treatment to which she was entitled under EMTALA. They also bring a claim under Article 1802 of the Puerto Rico Civil Code, the general negligence statute.[3]

The Court reviews the record in the light most favorable to Plaintiffs and draws all reasonable inferences in their favor. *See LeBlanc v. Great American Ins. Co.,* 6 F.3d 836, 841 (1st Cir.1993). During the time relevant to this claim, Grupo had contracted with the Municipality of San Juan to provide professional

---

**1.** Plaintiffs also name a number of "John Doe" defendants in their complaint. In its scheduling order of July 28, 1999, the Court stated that any such defendants would be dismissed *sua sponte* if they were not identified by October 29, 1999. *See* docket no. 8.

Accordingly, the Court orders that the "John Doe" defendants be dismissed.

**2.** 42 U.S.C.A. § 1395dd (West Supp.2000).

**3.** P.R. Laws Ann. tit. 31, § 5141 (1991).

medical services at the Puerto Nuevo CDT.[4] Pursuant to the contract between the Municipality and Grupo, physicians employed by Grupo would evaluate and treat the patients who visited the CDT.[5] The contract required Grupo's physicians to comply with the Municipality's policies and regulations concerning CDT's.[6] Part of this policy included the treatment of patients, regardless of their ability to pay for the services.[7]

Under the contract, the Municipality would be responsible for supplying the materials, medicine, telephone, water, electricity, and any other materials or services necessary to operate the CDT.[8] Grupo was to be paid monthly based on the invoices it had submitted to the Municipality detailing the medical services provided at the CDT during the month.[9] Grupo did not bill the Municipality for specific medical procedures, not did it collect from or bill to any medical plan or Medicare.[10] The contract stated that the two parties agreed that Grupo was acting as an independent contractor, not an employee, of the Municipality.[11]

In its motion for summary judgment, Grupo argues that only "participating hospitals," as defined by statute, may be sued under EMTALA and that it is not a participating hospital. Plaintiffs oppose the motion and argue that Grupo is covered by EMTALA. For the reasons set forth below, the Court grants the motion for summary judgment.

## DISCUSSION

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law."

*See* Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has satisfied this requirement, the nonmoving party has the burden of presenting any facts that demonstrate a genuine issue for trial. Fed.R.Civ.P. 56(e); *LeBlanc,* 6 F.3d at 841. The nonmovant must do more than show "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). An issue is genuine when, based on the evidence, a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252, 106 S.Ct. at 2512.

■ With the enactment of EMTALA, Congress made clear its intent that all patients arriving at the emergency rooms of participating hospitals receive fair treatment and will not be simply turned away. *Reynolds v. MaineGeneral Health,* 218 F.3d 78, 83 (1st Cir.2000). A plaintiff bringing a private cause of action under EMTALA must show that (1) the defendant hospital is a participating hospital; (2) the patient arrived at the hospital's facility seeking treatment; and (3) the hospital either (a) failed to afford the patient a proper screening or (b) discharged or transferred the patient without first stabi-

4.  Docket no. 11, exhibits 1 & 2.

5.  Docket no. 11, exhibit 2, at 2.

6.  Docket no. 11, exhibit 2, at 2, 4–5, 8.

7.  Docket no. 11, exhibit 2, at 4–5.

8.  Docket no. 11, exhibit 2, at 7.

9.  Docket no. 11, exhibit 2, at 8–9; docket no. 20, exhibit 2.

10.  Docket no. 11, exhibit 1; docket no. 20, exhibit 2.

11.  Docket no. 11, exhibit 2, at 7.

lizing her emergency condition. *Correa v. Hospital San Francisco,* 69 F.3d 1184, 1190 (1st Cir.1995); *Malave Sastre v. Hospital Doctor's Center, Inc.,* 93 F.Supp.2d 105, 109 (D.P.R.2000). In the present case, Grupo bases its motion for summary judgment on this first element only. Thus, the pivotal question here is whether Grupo constitutes a participating hospital.

▆▆▆ For private rights of action, EMTALA limits its scope to participating hospitals. *See* 42 U.S.C.A. § 1 395dd(d)(2)(A);[12] *Eberhardt v. City of Los Angeles,* 62 F.3d 1253, 1256 (9th Cir.1995); *Delaney v. Cade,* 986 F.2d 387, 393–94 (10th Cir.1993); *Baber v. Hospital Corp. of America,* 977 F.2d 872, 877–78 (4th Cir. 1992); *Fisher by Fisher v. New York Health and Hospitals,* 989 F.Supp. 444, 448 (E.D.N.Y.1998) (citing legislative history). A participating hospital is one that has executed a Medicare provider agreement with the federal government. 42 U.S.C.A. § 1395dd(e)(2); *Lopez–Soto v. Hawayek,* 175 F.3d 170, 172 (1st Cir.1999). EMTALA does not provide for a private cause of action against individual physicians. *Eberhardt,* 62 F.3d at 1255–57; *King v. Ahrens,* 16 F.3d 265, 271 (8th Cir.1994); *Baber,* 977 F.2d at 877–78; *Gatewood v. Washington Healthcare Corp.,* 933 F.2d 1037, 1040 n. 1 (D.C.Cir. 1991); *Lebron v. Ashford Presbyterian Community Hosp.,* 995 F.Supp. 241, 244 (D.P.R.1998). Nor does it provide a cause of action against physicians' medical corporations. *Gerber v. Northwest Hosp. Ctr., Inc.,* 943 F.Supp. 571, 575–76 (D.Md.1996); *Reynolds v. Mercy Hosp.,* 861 F.Supp. 214, 220–21 (W.D.N.Y.1994).

▆▆▆ In the present case, Grupo argues that it is a physicians' medical corporation and that therefore it is not covered by EMTALA. Plaintiffs contest Grupo's description of itself. The Court need not make this determination because, regardless of whether Grupo is a medical corporation, Plaintiffs have proffered no evidence to establish that it is a "participating hospital," as defined by EMTALA. It is undisputed that Grupo is a corporation that provided the physicians who treated the patients at San Juan's Puerto Nuevo CDT. A hospital is generally defined as an institution or place where the sick or injured are given medical care. *See Webster's Third New International Dictionary,* at 1093 (Unabridged ed.1981). The legal entity that is Grupo does not fit into this description. Furthermore, Plaintiffs have submitted no evidence that Grupo entered into a Medicare provider agreement with the federal government or that Grupo received Medicare payments at all. Thus, the record does not support a finding that Grupo is a participating hospital, as that term is defined in section 1395dd(e)(2) of the statute.

After Grupo filed its motion and after the Court-imposed deadline for conducting discovery had passed, Plaintiffs moved for an extension of time to conduct discovery on this issue.[13] The Court granted Plaintiffs' requests for additional time to conduct discovery and to oppose Grupo's motion.[14] In their opposition, Plaintiffs complain that Grupo was unresponsive and evasive in its responses to Plaintiffs' discovery requests. Specifically, Plaintiffs refer to their requests for discovery on Grupo's identification and classification of indigent patients at the CDT; the policies, rules, and regulations governing the CDT; the amounts paid to Grupo under

---

**12.** The relevant portion of the statute reads as follows:

**Civil enforcement**
**Personal harm**
    Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, *in a civil action against the participating hospital,* obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate. 42 U.S.C.A. § 1395dd(d)(2)(A) (Emphasis added).

**13.** Docket no. 12.

**14.** Docket nos. 14, 17, & 19.

the contract; and the effective dates of the contract. It is not clear how more expansive or explicit responses on these matters would demonstrate that Grupo is a hospital that has executed a Medicare provider agreement with the federal government. In fact, the simplest way to obtain evidence on this matter would have been to submit an interrogatory asking Grupo whether it had ever entered into such an agreement. It appears that Plaintiffs did not make such a straightforward discovery request. At any rate, Plaintiffs have not sought any additional discovery on this matter, and the time for doing so has passed.

Although Plaintiffs do not cite to *Correa v. Hospital San Francisco,* the Court finds that there is one similarity between that case and this one that merits some discussion, even though the similarity is not enough to salvage Plaintiffs' claim. In *Correa,* the defendant hospital argued that at trial the plaintiffs failed to show that it was covered by EMTALA. The First Circuit rejected this argument and noted that the hospital's policy statement outlined the manner by which the hospital intended to comply with EMTALA in its emergency room. Additionally, a hospital administrator testified that he had instructed his staff on the fine points of compliance with the statute. This evidence, the court held, was sufficient to allow a jury to reasonably infer that the hospital was covered by EMTALA. The Court also noted in passing that ninety-nine percent of America's hospitals were covered by this law. 69 F.3d at 1191.

In the present case, Grupo's contract required it to treat all indigent patients that came to the CDT.[15] Thus, there appears to have been in place a policy that was consistent with EMTALA's goals.

The contract, however, did not expressly mention EMTALA. Moreover, as discussed above, Grupo is not a hospital. Plaintiffs were explicitly confronted with this issue in the motion for summary judgment. They failed to proffer any evidence that Grupo was a hospital that had executed a Medicare provider agreement with the federal government. Based on the record before the Court, it cannot be reasonably inferred that Grupo is a participating hospital covered by EMTALA.

Lastly, Plaintiffs argue that indigent patients were treated at the CDT and that Medicare funds were used to pay the Municipality for the treatment of some of these patients. Although Plaintiffs submit no evidence on this matter, the Court finds it reasonable to assume that this description of the patients at the CDT is accurate. Indeed, Grupo in its reply to Plaintiffs' opposition makes this same assumption.[16] These Medicare funds would have been paid directly to the Municipality of San Juan. Thus, at best, Grupo would have received Medicare funds indirectly when the Municipality in turn used the money it received from Medicare to pay Grupo for the services provided at the CDT. However, as Plaintiffs themselves admit, there is no case law on Grupo's specific situation.[17] Thus, Plaintiffs are asking the Court to find a cause of action that does not have support in either the statutory language or the case law in this area. Absent case law on the particularities of Grupo's arrangement and absent any evidence to establish that Grupo is a hospital that has entered into a Medicare provider agreement, the Court may not create a new cause of action under EMTALA against Grupo.[18] *Cf. Eberhardt,* 62 F.3d at 1256–57 (In the face of both statutory language and legislative history indicating a clear Congressional in-

---

**15.** Docket no. 11, exhibit 2, at 4–5.

**16.** Docket no. 25, at 2–3.

**17.** Docket no. 27, at 2.

**18.** It appears that either the Municipality or the CDT might be defendants under an EM-

TALA claim. However, because Plaintiffs did not name them in this case, the Court need not reach the determination of whether either of these entities would constitute a participating hospital.

tent that private suits under EMTALA be limited to claims against hospitals, there could be no implied private cause of action for claims against physicians); *King,* 16 F.3d at 271 (Because express language of statute clearly limited private suits to claims against hospitals, no implied cause of action against physicians was allowed).

WHEREFORE, the Court hereby grants the motion for summary judgment (docket no. 11) and dismisses with prejudice Plaintiffs' EMTALA claim. The Court dismisses without prejudice their Puerto Rico law claims. *See Houlton Citizens' Coalition v. Town of Houlton,* 175 F.3d 178, 192 (1st Cir.1999). Judgment shall be entered accordingly.

**IT IS SO ORDERED.**