Natalia **ABRIL–ROMÁN,**
et al, Plaintiffs,

v.

**MUNICIPALITY OF TOA BAJA,**
et al, Defendants.

**Civil No. 98–1289 (JAG).**

United States District Court,
D. Puerto Rico.

March 20, 2002.

Wilma Rosario-Rodriguez, San Juan, PR, Victoria A. Ferrer-Kerber San Juan, PR, for Natalia Abril-Roman, Jorge L. Valle-Rodriguez, Hilda I. Roman-Gonzalez.

Ruy V. Diaz-Diaz, San Juan, PR, Eric J. Berlingeri-Vincenti, De Corral & De Mier, San Juan, PR, for Municipality of Toa Baja.

Jose L. Gonzalez-Castaner, Gonzalez-Castaner, Morales & Guzman, San Juan, PR, Carlos A. Ortiz-Morales, Miranda Cardenas & Cordova, San Juan, PR, for Luis E. Mejias.

Carlos A. Ortiz-Morales, for Jane Doe 98CV1289, Conjugal Partnership Mejias-Doe.

Wilma Rosario-Rodriguez, San Juan, PR, for Jorge Luis Valle-Abril.

Eric J. Berlingeri-Vincenti, De Corral & De Mier, San Juan, PR, for American International Insurance Company.

Jose L. Gonzalez-Castaner, Gonzalez-Castaner, Morales & Guzman, San Juan, PR, for Sindicato De Aseguradores De Impericia Medico Hospitalaria.

## OPINION AND ORDER

GARCÍA–GREGORY, District Judge.

Plaintiffs Natalia Abril–Román; Jorge L. Valle–Rodríguez; Luis A. Valle–Abril, Natasha Valle–Abril and Hilda I. Román–González brought suit against defendants, Municipality of Toa Baja (the "Municipality"), American International Insurance Co. ("AIICO"), and others, pursuant to the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd and Articles 1802 and 1803 of the Puerto Rico Civil Code. The Municipality and AIICO deny any liability, and have filed a Motion for Summary Judgment contending that this Court cannot exercise its original jurisdiction since the "participating hospital" under EMTALA is not a party and cannot be a party to this action. Defendants further contend that the Court should decline to exercise its supplemental jurisdiction since it lacks original jurisdiction to hear the federal claims brought under EMTALA. After careful examination of the record, the Court finds that there are genuine issues of fact that preclude summary judgment.

## FACTUAL BACKGROUND

Plaintiffs aver that defendants violated EMTALA when emergency room personnel at the municipal medical treatment center ("CDT") did not properly screen, evaluate and treat Luis A. Valle–Abril ("Baby Luis"), discharging him prior to stabilizing his condition; failed to effectuate an appropriate transfer as required under EMTALA; and failed to offer the patient a good and acceptable medical care. (Docket 49, Memorandum of Law in Support of Motion for Summary Judgment, Exhibit 1, paragraphs 20–30.) They also allege that at all times relevant to the complaint the Municipality of Toa Baja was the owner, operator and administrator of the CDT. *Id.* at paragraph 5.

Defendants maintain that the Municipality was not the owner, administrator and/or operator of the CDT when the alleged facts took place and was, therefore, not a "participating hospital" for purposes of the statute. (Docket 49, Memorandum

in Support of Motion for Summary Judgment, p. 5, paragraphs 15–16).

## DISCUSSION

### I. *The Standard for Summary Judgment*

The standard for summary judgment is governed by Fed.R.Civ.P. 56. The Court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *See Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir.2000). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

A properly supported motion can be survived only if the non-moving party shows that a trial worthy issue exists. The party opposing the motion cannot rely on an absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. Not every controversy is sufficient to preclude summary judgment. The fact has to be "material" and the dispute must be "genuine." "Material" means that a contested fact has the potential to change the outcome of a suit. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." *See Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. Consequently, in order to defeat the motion, the party opposing summary judgment must present competent evidence supporting its position. *See Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994). To make this assessment in a given case, the Court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *See Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). When carrying out that task, the Court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *See Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

### II. *Liability under the Emergency Medical Treatment and Active Labor Act (EMTALA).*

With the enactment of EMTALA, Congress made clear its intent that all patients arriving at the emergency rooms of participating hospitals receive fair treatment and will not be simply turned away. *Reynolds v. MaineGeneral Health*, 218 F.3d 78, 83 (1st.Cir.2000); *Medero Díaz v. Grupo De Empresas De Salud*, 112 F.Supp.2d 222, 224 (D.P.R.2000).

EMTALA has two key provisions. It requires that participating hospitals afford an appropriate medical screening to all persons who come to its emergency room seeking medical assistance[1], and it also requires that, if an emergency medical condition exists, the participating hospital must render the services that are necessary to stabilize the patients condition[2], unless transferring the patient to another facility is medically indicated and can be accomplished with relative safety[3]. *See*

---

**1.** 42 U.S.C. § 1395dd(a)

**2.** Id. § 1395dd(b)(1)(A)

**3.** Id. § 1395dd(b)(1)(B)

*Correa v. Hospital San Francisco,* 69 F.3d 1184, 1190 (1st Cir.1995).

■ A plaintiff bringing a private cause of action under EMTALA must show that (1) the defendant hospital is a participating hospital; (2) the patient arrived at the hospital's facility seeking treatment; (3) the hospital either (a) failed to afford the patients a proper screening or (b) discharged the patient without first stabilizing her emergency condition. *Medero Díaz,* 112 F.Supp.2d at 224–225; *Correa* 69 F.3d at 1190; *Malavé Sastre v. Hospital Doctor's Center, Inc.,* 93 F.Supp.2d 105, 109 (D.P.R.2000).

At issue is the qualification of the Municipality as a "participating hospital" for purposes of EMTALA based on its involvement in the administration and operation of a CDT. It is well settled that EMTALA establishes a private cause of action limited to participating hospitals for damages suffered in violation of the statute. *See* 42 U.S.C. § 1395dd(d)(2)(A)[4].

Defendants assert that the activities performed by the Municipality in relation to the CDT[5] do not fall within the requirements established by EMTALA to be considered a "participating hospital" for purposes of the statute.[6] (Docket 49, Memorandum of Law in Support of Motion for Summary Judgment, pp. 6–7).

■ Defendants argue that the Municipality is not a "participating hospital" since it is not involved in formulating policy on behalf of the hospital. Furthermore, they argue that the owner and administrator of the CDT was the Department of Health of the Commonwealth of Puerto Rico and that it was the one responsible for formulating policy on behalf of the CDT and not the physicians, employees, nurses, care takers or other municipal and/or Commonwealth employees. Defendants proffered a certification in form of a letter from Dr. Carlos Marrero Arroyo ("Dr. Marrero"), Bayamón's Regional Director of the Department of Health of the Commonwealth of Puerto Rico to support their allegation. In this letter Dr. Marrero certified that the CDT of Toa Baja was owned, operated and administered by the Commonwealth of Puerto Rico. (Reply to the Opposition to the Motion for Summary Judgment, Exhibit 2). Plaintiffs nonetheless aver that the Municipality was in fact a "participating hospital" for purposes of EMTALA and thus liable for non-compliance. Plaintiffs claim that the administration and operation of the CDT was carried out by both, the Municipality and the Department of Health of the Commonwealth of Puerto Rico. (Docket 61, Memorandum of Law in Support of Motion in Opposition to Summary Judgment, Material Facts in Controversy, pp. 4–5). Plaintiffs' belief that the CDT was co-administered by the Municipality and the Department of Health arises from a resolution of the Municipal Assem-

---

4. Section 1395dd(d)(2)(A) states:

   (A) Personal Harm
   Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.

5. Defendants argue that the Municipality's involvement with the CDT was as owner of two vehicles that were being used by the CDT as ambulances, and contracting of the services of Drs. Robles and Mejías, to provide medical services at the CDT.

6. Defendants claim that the Municipality does not provide services in the CDT, is not in charge of maintaining clinical records of patients, does not have bylaws with respect to the hospital's staff, is not responsible of requiring payments of patients, is not the provider of nursing services, is not in charge of any kind of plan regarding operation of the hospital, and has not entered into a provider agreement with Medicare.

bly of Toa Baja authorizing the Mayor to "negotiate and formalize an agreement with the Department of Health of Puerto Rico for the direct administration and operation of the CDT of Toa Baja which at present both parties administer and operate jointly." (Docket 61, Statement of Material Facts in Controversy, pp. 2–3). Furthermore, plaintiffs maintain that the fact that the Medical Director of the CDT was under contract and was paid by the Municipality tends to establish the Municipality's involvement as the CDT's operator and administrator. *Id.* at p. 1. Plaintiffs, also advance the following factual propositions in opposition to defendants' arguments:

1. The Municipality contracted and paid all of the doctors at the CDT. (Memorandum of Law in Support of Motion in Opposition to Summary Judgment, pp. 4–6).

2. The Municipality employed and paid part of the administrative staff of the CDT. (Memorandum of Law in Support of Motion in Opposition to Summary Judgment, pp. 4–6).

3. The Municipality employed the custodian. (Memorandum of Law in Support of Motion in Opposition to Summary Judgment, pp. 4–6).

4. The municipality provided the equipment and materials necessary for the work at the CDT. (Memorandum of Law in Support of Motion in Opposition to Summary Judgment, pp. 4–6).

5. The Municipality of Toa Baja maintained the CDT of Toa Baja, for example, by painting, cutting the grass and fixing things. (Memorandum of Law in Support of Motion in Opposition to Summary Judgment, pp. 4–6).

In the alternative, defendants argue that even if the Municipality were to qualify as a "participating hospital" under EMTALA, plaintiffs' action would be time barred for failure to comply with the 90 day prior notification to the Municipality and its Mayor as required by local law. 21 L.P.R.A. § 4703. (Docket 49, Memorandum of Law in Support of Motion for Summary Judgment, pp. 19–20). Plaintiffs dispute this allegation by contending that the Municipality had knowledge of the action against it within the 90 day period following the death of Baby Luis, because his records were in the legal division of the Municipality prior to the expiration of the 90 day period. Id. at p. 3.

These statements require credibility assessments which must be made by a jury and not by the Court. This Court believes that there is sufficient reliable evidence in the record that would allow a reasonable jury to infer that the involvement of the defendant in the administration and operation of the CDT of Toa Baja was sufficient for it to qualify as a "participating hospital" for purposes of EMTALA, and that the Municipality had knowledge of Baby Luis cause of action prior to the expiration of the 90–day period.

## CONCLUSION

In light of the foregoing, the Court DENIES defendants', Municipality of Toa Baja's and American International Insurance, Co.'s, motion for summary judgment. Plaintiffs are entitled to present their case at a full-dress trial.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 20th day of March 2002.